NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAYMOND BLOW, :
 :
                  Plaintiff, :
 :    Civil Action No. 11-4268 (SRC)
      v. :
 :    OPINION
PATERSON POLICE DEPT., ET AL., :
 :
                Defendants. :
 :
 :

**CHESLER**, District Judge

      This matter comes before the Court on the motions by Defendants Detective Ronald Altman ("Altman") and Detective Sergeant Tom Trommelen ("Trommelen") (collectively, "Defendants"), to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56(c) [docket entries 6&7]. Plaintiff Raymond Blow ("Plaintiff"), who proceeds *in forma pauperis*, did not oppose the motions. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant the Defendants' motions.

**I.    BACKGROUND**

      In brief, this case arises from Plaintiff's arrest on April 22, 2008, and his subsequent incarceration, indictment, and guilty plea. Plaintiff alleges that he was illegally stopped in his vehicle, as a result of racial profiling and unlawful surveillance by the Paterson Police Department and its officers, including Defendants Altman and Tommelen. He claims that

Defendants fabricated a basis for his arrest, and illegally seized $3,437 in cash from him during the arrest.[1]  Defendants' false account of the circumstances leading to Plaintiff's arrest caused him to be indicted by the Superior Court of Passaic County, New Jersey, on July 2, 2008.  Public records reveal that, on October 6, 2008, Plaintiff pleaded guilty to hindering apprehension in the fourth degree, and the second count against him (resisting arrest in the third degree) was dismissed.[2]  (Frega Cert., Ex. B.)  Records also indicate that, pursuant to Plaintiff's guilty plea, he was subject to a forfeiture of $3,437.  *Id.*

Plaintiff filed the instant Complaint on July 25, 2011, accusing the Defendant officers of illegal search and seizure, false arrest, false imprisonment, malicious prosecution, racial discrimination, and conspiracy.  Plaintiff alleges that Defendant Paterson Police Department wrongfully allowed these violations to occur.

Defendants Altman and Trommelen now move to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  Defendants argue that Plaintiff's Complaint is subject to dismissal in its entirety on two bases: (1) Plaintiff's claims are time-barred; (2) Plaintiff has failed to adequately state a claim upon which relief may be granted as to his malicious prosecution, false arrest and false imprisonment, and civil conspiracy claims.  As set forth below, the Court concludes that Plaintiff fails to adequately state a claim for malicious

---

[1]Plaintiff avers that the officers first arrested him on the charge that he was dealing drugs; then, when that charge was unsupportable, on the basis that Plaintiff had an active Drug Offender Restraining Order.  When that charge was also unsupportable, Defendants charged Plaintiff with resisting arrest.  (Compl., ¶ 20.)

[2]"To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."  *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

prosecution, and that the remainder of his claims are time-barred.

## II. DISCUSSION

### A. Motion to Dismiss:

#### 1. Legal Standard

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court

may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile).

### 2. Timliness of Plaintiff's Claims

Plaintiff appears to raise false arrest, false imprisonment, malicious prosecution, illegal search and seizure, and equal protection claims under 42 U.S.C. § 1983, as well as a civil conspiracy claim under § 1985.[3] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A cause of action under this section accrues when the plaintiff knew, or should have known, of the injury forming the basis of his or her action. *See Sameric Corp. v. City of Philadelphia*, 142

---

[3]Plaintiff's Complaint does not clearly set forth the legal bases of the claims asserted, but the Court construes his contention that the Defendants "target[ed] Black people such as the Plaintiff" for illegal motor vehicle stops, searches, and false arrests, "with no foundation or probable cause," in violation of Plaintiff's "State and Federal Constitutional Rights" as raising Section 1983 claims for violation of Plaintiff's Fourth and Fourteenth Amendment rights. (Compl. ¶ 7.)

F.3d 582, 599 (3d Cir. 1988). Section 1983 contains no statute of limitations. However, the Supreme Court of the United States has determined that the applicable statute of limitations for Section 1983 actions is the appropriate state personal injury statute. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that this broad application to *all* Section 1983 actions is justified by the statute's remedial purpose, and by practical considerations).[4] In the State of New Jersey, there is a two-year statute of limitations on personal injury actions, N.J.S.A. § 2A:14-2,[5] and thus a two-year statute of limitations on Section 1983 actions. *See Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).

a. False Arrest & False Imprisonment Claims

Section 1983 claims of false arrest and false imprisonment, where such arrest and imprisonment are followed by criminal proceedings, accrue upon the plaintiff's arraignment, or other legal process. *Montgomery v. DeSimmone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.") (internal citation omitted); *Telfair v. Tandy*, 797 F. Supp. 508, 520 (D.N.J. 2011) (holding that claims for false imprisonment accrue "immediately upon the arrest at issue, and the period of limitations begins to run as soon as the false imprisonment ends, i.e., when the arrestee becomes held pursuant to legal process," such as arraignment) (citing *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007)). In

---

[4]*Wilson v. Garcia* was superceded in part (in a manner not relevant to Section 1983 claims) by 22 U.S.C. § 1658, which created a four-year statute of limitations for all federal statutes enacted subsequent to 1990, where such statutes lack their own limitations provisions. *See, .e.g., Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381 (2004).

[5]This section provides, in part: "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within two years next after the cause of any such action shall have accrued. . . ."

this case, Plaintiff was arrested on April 22, 2008. Plaintiff's arraignment must have occurred prior to his indictment on July 2, 2008.[6] Plaintiff's Complaint was filed on July 25, 2011, well more than two years after July 2, 2008, and thus his false arrest and false imprisonment claims are time-barred.

                b.  Illegal Search and Seizure, Equal Protection & Conspiracy Claims

Plaintiff alleges that Defendants lacked probable cause to stop, search, and arrest him, and that he was targeted for these violations because of his race. Thus, upon his arrest, Plaintiff knew, or should have known, of the injury forming the basis of these claims. *See Sameric Corp.*, 142 F.3d at 599. Plaintiff's arrest having occurred more than two years before his Complaint was filed, these claims are time-barred.

Plaintiff also alleges that Defendants Altman, Clarke, Quinones and Trommelen conspired to racially profile individuals, including the Plaintiff, and fabricated a basis to arrest Plaintiff in order to seize the cash that they (through "unwarranted surveillance") knew Plaintiff to be carrying. (Compl., ¶ 14.) The Court will construe this allegation as a claim under 42 U.S.C. § 1985(3), which provides a cause of action if:

> (1) two or more persons conspire to deprive any person of the equal protection of the law; (2) one or more of the conspirators performs or causes to be performed any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States.

*Barnes Found. v. Twshp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). A Section 1985(3) claim accrues when the plaintiff "knew or should have known of the alleged conspiracy." *Bougher v. Univ. of Pitts.*, 882 F.2d 74, 80 (3d Cir. 1989). "The statute of limitations, accordingly, runs from the date of each overt act

---

[6]Neither the Complaint, nor public records indicate the date of Plaintiff's arraignent.

causing damage to the plaintiff." *Id.* The Third Circuit applies the two-year, personal injury statute of limitations to Section 1985(3) violations. *Id.* at 79-80 ("Because Section 1985(3) violations necessarily involve a conspiracy to deprive another of rights, privileges, and immunities, the underlying deprivations sound in tort." Accordingly, the appropriate state personal injury statute of limitations applies to Section 1985(3) claims.). In this case, the date of the last possible overt act causing damage to the Plaintiff would be his indictment on July 2, 2008, more than two years prior to the filing of the Complaint. Indeed, even if Plaintiff alleged that his guilty plea on October 6, 2008 was coerced in furtherance of the Defendants' conspiracy, the plea was also entered more than two years prior to the filing of the Complaint. Thus, Plaintiff's Section 1985 conspiracy claim is time-barred.

    c. Malicious Prosecution

  A Section 1983 claim for malicious prosecution accrues on the date that the underlying criminal proceedings end in the plaintiff's favor. *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989). Indeed, a necessary element of a malicious prosecution claim is the favorable termination of the underlying criminal proceedings. *See Lee v. Mihalich*., 847 F.2d 66, 70 (3d Cir. 1988) ("[A] civil action for malicious prosecution requires that: (1) the defendant initiate a criminal proceeding; (2) *which ends in plaintiff's favor*; (3) which was initiated without probable cause; and (4) the defendant acts maliciously or for a purpose other than bringing the defendant [sic] to justice."); *see also Lind v. Schmid*, 67 N.J. 255, 262 (1975). Thus, the Court must address this element of Plaintiff's cause of action before reaching the statute of limitations argument. Prior criminal proceedings "must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (en banc). In this case, the criminal proceedings at issue were not disposed of

in a manner indicative of Plaintiff's innocence, because Plaintiff pleaded guilty to hindering apprehension on October 6, 2008, and he does not allege that his conviction was reversed or vacated.  (Frega Cert., Ex. B.)  Moreover, the second count of Plaintiff's July 2, 2008 indictment, resisting arrest, was dismissed as a result of a plea agreement, not as a result of Plaintiff's innocence.  *See White v. Brown*, 408 Fed. Appx. 595, 599 (3d Cir. 2010).  Thus, Plaintiff cannot meet the favorable termination element of his malicious prosecution claim, and the Court will, accordingly, dismiss it.

Finally, the Court notes that Plaintiff filed no opposition to the Defendants' motion to dismiss, and that the Court will dismiss claims with prejudice where, as here, amendment would be futile.  *See Alston v. Parker*, 363 F.3d at 235.

## II.   CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's motions to dismiss Plaintiff's Complaint in its entirety, with prejudice.

    /s Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: January 27, 2012